## In re BRUNER'S ESTATE.
## BRUNER v. BURCH, Adm'r, et al.

No. 26410.   Feb. 23, 1937.

Thos. J. Horsley and Hicks Epton, for plaintiff in error.

H. W. Carver, Vernon Roberts, and Anglin & Stevenson, for defendants in error.

PHELPS, J. The plaintiff in error, T. J. Bruner, was one of the executors of the estate of Nancy Bruner, deceased. He was also guardian for Douglas Bruner, an adult, incompetent spendthrift son of Nancy Bruner, deceased. The ward, Douglas Bruner, died on April 26, 1930, and four days before his death the plaintiff in error, as joint executor of the estate of Nancy Bruner, transferred to himself as guardian of Douglas Bruner the sum of $3,933 by check from the funds of the estate. No claim had been filed with himself or his co-executor for this amount, nor had the co-executor been notified thereof. This appeal is from an order of the district court on a hearing on the final account of T. J. Bruner, surcharging the said T. J. Bruner in the aforesaid amount of $3,933 by reason of the transfer described above.

It is contended by the plaintiff in error that the parties stipulated during the trial that the question of liability should depend upon whether a certain tract of land, which since 1905 had appeared of record in the name of Nancy Bruner, was being held by her in trust for the ward. Douglas Bruner; that, since the $3,933 appeared to be income from that land, the theory in this connection was that if she was merely holding title in trust for the ward. the ward was entitled to the money, and that it was therefore proper to transfer the money from the account of the executors of the estate of Nancy Bruner, deceased, to the account of the plaintiff in error as guardian of Douglas Bruner. The defendants in error deny having entered into such stipulation. They say that, while this was the only important issue of fact, they nevertheless reserved the issue of law as to whether the failure of Bruner to file a claim in the probate proceedings in the estate of Nancy Bruner, and the failure to obtain the authority of the other executor to pay the claim, would preclude Bruner from charging off this item in his accounts as joint executor.

We find it unnecessary to pass upon the issue of law last mentioned above, for the reason that after thoroughly reviewing the evidence in this record we believe that the finding and judgment of the trial court, even had it been based upon the issue which plaintiff in error says should have been decisive of the case, was not against the clear weight of the evidence, but was the only judgment which could have been entered in accordance with the principles of law applicable to the question involved herein. The land in question was the surplus allotment of Douglas Bruner, an Indian, restrictions against the alienation of which were removed by Congress in 1905. Shortly after the removal of restrictions thereon, Douglas Bruner conveyed the land to Nancy Bruner, his mother, by a simple warranty deed in which no mention of the alleged trusteeship was made. The consideration recited was $400 and there was no competent evidence as to whether said consideration was paid. It was testified by the plaintiff in error that the transfer was made because of the fact that Douglas was a spendthrift and it was feared that unless he deeded it to his mother, to hold for him, he would dissipate it. In 1911 the plaintiff in error was appointed guardian of the said Douglas Bruner, and has always continued to act as his guardian. There was considerable testimony by various witnesses to the effect that on several occasions the deceased, Nancy Bruner, had stated that she was holding this land for Douglas Bruner; that she wanted it to go to him upon her death. It appears, however, that her will did not so provide,—a fact which was singularly at odds with the tenor of such reported admissions. It is further shown by the evidence, on behalf of plaintiff in error, that on some occasions when selling royalty under this particular tract of land she turned over the proceeds to the guardian of Douglas Bruner; but, on the other hand, there were other occasions when she did not turn over the proceeds of such sales to his guardian. The plaintiff in error testified that when she sold any royalty under this land she always consulted him. In other transactions, however, wherein the interests of the ward were not involved, she also consulted him, and the question of whether on the occasions of selling royalty she was addressing the plaintiff in error in his capacity as guardian of the ward, or as her personal adviser, is left somewhat in doubt. In addition to the foregoing evidence there was also shown a custom in the Bruner family, consisting of the parents taking deeds from their children and holding the conveyed lands in trust so as to prevent said children from being de-

frauded of said lands by third persons. Furthermore, as a circumstance, it was shown that an allegation was contained in the petition which was originally filed for letters of guardianship of Douglas Bruner, to the effect that the land in question belonged to the ward, and that said petition was filed nearly six years after the execution of the deed in question. This petition was not filed by Nancy Bruner.

Much of the foregoing evidence was adduced from the plaintiff in error himself. His testimony in certain respects was somewhat inconsistent, particularly in the manner of handling his accounts. The trial court probably discredited certain statements made by this witness during the course of his testimony. Although the evidence in favor of plaintiff in error is very forcefully emphasized in his brief, nevertheless when it is all summed up, the large bulk of it is composed of alleged declarations of the deceased, Nancy Bruner, during her lifetime, which were in a large measure contradicted by her conduct with reference to this land and the proceeds therefrom, and the handling thereof, over a long period of years. Her acts did not by any means confirm her reported declarations. It appears that when she needed money for her own purposes, or for helping any of her other children, she did not hesitate to use the proceeds from this property for those purposes. The guardian knew of these incidents and appears to have made no protest. If, too, it is true that she desired this land to go to Douglas Bruner when she died, or if she was conscious of a legal or moral duty to Douglas Bruner, in the degree and to the extent that the evidence of plaintiff in error might otherwise indicate, she made no provision to accomplish that purpose when she executed her will. It is shown also that during those years she frequently conferred with Attorneys, and plaintiff in error did likewise; yet no mention was made of there ever having been any discussion concerning the simple expedient of correctly establishing her title status as that of trustee.

While there was some evidence that she was holding the land as trustee, in derogation of the plain terms of the deed, we must say that on the whole the evidence, when considered in connection with the circumstances and probabilities of the case, falls short of that degree of probability which is required to establish a resulting trust. The rule is that the evidence to establish a resulting trust must be clear, satisfactory, and convincing. McGann v. McGann, 169 Okla. 515, 37 P. (2d) 939. In Anson v. Anson, 169 Okla. 309, 36 P. (2d) 915, we said:

"To prove trust by parol under conveyance absolute in its terms, purporting to be for an adequate consideration and containing the usual forms of warranty, the evidence must be clear and convincing, and the finding of the trial court thereon will not be disturbed unless clearly against the weight of the evidence."

After carefully weighing the evidence, we conclude that it was not of such clear, satisfactory, and convincing character as would have warranted the trial court in holding that a resulting trust was established.

Having reached the foregoing conclusion, it is unnecessary to consider the effect of the failure of plaintiff in error, as guardian, to file a claim for this amount with himself or his co-executor or his failure to obtain the consent of his co-executor to the transfer of the funds prior to the actual transfer thereof.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.